NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 11 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEITH ANDERSON; LORENA
MCCAIGUE,

Plaintiffs - Appellees,

v.

Chief JOHN E. PEREZ; CITY OF
PASADENA,

Defendants - Appellants.

No. 23-2790

D.C. No.
2:21-cv-04290-JAK-GJS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted September 9, 2024
Pasadena, California

Before: R. NELSON, MILLER, and DESAI, Circuit Judges.

Keith Anderson and Lorena McCaigue (the Andersons) are federal law

enforcement officers. Claiming that the City of Pasadena and Police Chief John E.

Perez (the Appellants) retaliated against them for their First Amendment protected

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

activity, the Andersons asserted several causes of action, including under 42 U.S.C. § 1983 and California's Bane Act, California Civil Code § 52.1. Appellants moved for summary judgment. Chief Perez asserted qualified immunity, and appellants also moved to strike the Bane Act claim under California's anti-SLAPP law. *See* CAL. CIV. PROC. CODE § 425.16(b)(1). The district court denied both motions. We have jurisdiction to review both denials, and we review them de novo. *See Carrillo v. Cnty. of Los Angeles*, 798 F.3d 1210, 1213 n.2, 1218 (9th Cir. 2015) (qualified immunity); *Mindys Cosms., Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010) (anti-SLAPP).

This saga began when the Andersons gave notice of tort claims against the City of Pasadena under California's Government Tort Claims Act after a police search of their home that was spurred by a hoax phone call. A few weeks later, Chief Perez released a press statement addressing the incident at the Andersons' home. The press statement linked to media which identified the Andersons' address. While the press statement did not specifically name the Andersons, they suggest that someone could still target them because a local news outlet's report on the incident did identify them by name. Because Perez is entitled to qualified immunity and the Bane Act claim is meritless, we reverse.

1. Qualified immunity protects government officials from liability under § 1983 unless they violated a federal right and "the unlawfulness of their conduct

was clearly established at the time." *Waid v. Cnty. of Lyon*, 87 F.4th 383, 387 (9th Cir. 2023) (quotation omitted). The Andersons concede that no analogous case clearly establishes that Chief Perez's conduct was unlawful.

Normally, our analysis would end there. *See Romero v. Kitsap Cnty.*, 931 F.2d 624, 627 (9th Cir. 1991) ("The plaintiff bears the burden of proof that the right allegedly violated was clearly established at the time of the alleged misconduct."). But the Andersons also argue that retaliating against them for exercising their First Amendment rights was so "obviously unconstitutional" that they need not point to an analogous case.

"[S]uch obvious cases are rare." *Waid*, 87 F.4th at 388 (quotation omitted). And here, the Andersons do not allege the "exceedingly rare circumstances with extreme facts" necessary to overcome their burden to identify clearly established law. *Id.* at 389. Thus, Chief Perez is entitled to qualified immunity.[1]

2.        Under California's anti-SLAPP law, defendants can file a special motion to strike "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of . . . free speech." CAL CIV. PROC. CODE § 425.16(b)(1). To survive Appellants' motion to strike, the Andersons must

---

[1] The Andersons also raise a Due Process claim but lump that claim in with their First Amendment retaliation claim. Accordingly, for the same reason, we reverse the denial of qualified immunity on the Due Process claim.

show a probability of prevailing on their Bane Act claim. *City of Montebello v. Vasquez*, 376 P.3d 624, 631 (Cal. 2016).

The Bane Act prohibits individuals from using "threat[s], intimidation, or coercion" to interfere with another person's federal or state-law rights. CAL. CIV. CODE § 52.1(b). But "[s]peech alone is not sufficient to support an action" under the Bane Act. *Id.* § 52.1(k). And the Andersons' Bane Act claim stems from Chief Perez's press release. There is an exception to § 52.1(k)'s bar against Bane Act claims that rely on pure speech when the speech itself threatens violence, but the Andersons do not argue that Chief Perez's press release satisfies it. *See id*.

Instead, the Andersons argue that Chief Perez engaged in "conduct," not "speech," because he "posted online the Andersons' home address" by embedding a video link into the press release. We are unpersuaded: "[O]nline speech stands on the same footing as other speech." *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011); *see also Moser v. Las Vegas Metro. Police Dep't*, 984 F.3d 900, 906 (9th Cir. 2021) (characterizing social media comments as speech). As a result, the Andersons have no probability of prevailing on their Bane Act claims, and the district court should have granted Appellants' anti-SLAPP motion.

**REVERSED.**